UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BEVERLY COOPER, <br><br> Plaintiff, <br><br> v. <br><br> ROSS DRESS FOR LESS, INC., *et al.*, <br><br> Defendants. <br><br> INLAND WESTERN SEATTLE NORTHGATE NORTH, LLC, <br><br> Third-Party Plaintiff, <br><br> v. <br><br> TOP QUALITY BUILDING MAINTENANCE CORPORATION, <br><br> Third-Party Defendant. | No. C12-2030RSL <br><br> ORDER GRANTING DEFENDANT ROSS DRESS FOR LESS, INC.'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on "Defendant Ross Dress For Less, Inc.'s Motion for Summary Judgment." Dkt. # 36. Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine dispute as to any material fact that would preclude the entry of judgment as a matter of law. Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000). The party seeking summary dismissal of the case "bears the initial responsibility of informing the district court of the basis for its motion"

ORDER GRANTING DEFENDANT ROSS DRESS
FOR LESS, INC.'S MOTION FOR SUMMARY
JUDGMENT

(Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)) and identifying those portions of the materials in the record that show the absence of a genuine issue of material fact (Fed. R. Civ. P. 56(c)(1)).  Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate "specific facts showing that there is a genuine issue for trial."  Celotex Corp., 477 U.S. at 324.  "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient:"  the opposing party must present probative evidence in support of its claim or defense.  Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 919 (9th Cir. 2001); Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1558 (9th Cir. 1991).  In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor."  Triton Energy Corp. v. Square D Co., 68 F.3d 1216, 1221 (9th Cir. 1995).

Having reviewed the memoranda, declarations, and exhibits submitted by the parties and taking the evidence in the light most favorable to plaintiff, the Court finds as follows:

## BACKGROUND

On April 8, 2010, plaintiff Beverly Cooper slipped down a set of stairs at the entrance to the Ross Dress for Less store located in the Northgate neighborhood of Seattle.  Plaintiff approached the entrance to the store at approximately 10:35 a.m. and noticed that the concrete surface of the parking garage was wet.  Because it was not raining that day, plaintiff assumed that the moisture came from the power washers who were working on the other side of the courtyard, about 20-30 feet away.  Upon entering the store, plaintiff walked across a large floor mat placed directly in front of the doors.  Plaintiff noticed that the mats were wet from people wiping their feet, but not soaking.  She could see water tracked from the mats to the top of the stairs that lead down onto the sales floor.  The mats had been clean and dry when the store opened at 9:30 a.m.

As she approached the stairs, plaintiff stopped at the top to look for a friend she

was meeting. She did not see her and proceeded down the stairs.[1] After descending a couple of steps, plaintiff slipped and fell backwards, sliding approximately six steps and arresting her fall by grabbing onto the handrail. The security guard standing in the area and an assistant manager came up to assist her. Plaintiff's foot was twisted in an odd way, however, so they called an aid car rather than attempt to move her. Plaintiff told defendants' employees that the floor was wet.[2] She was taken to Swedish Medical Center, where she was diagnosed with a fractured left ankle and required surgery.

This action was filed on October 9, 2012, in King County Superior Court. Defendant Ross removed the case to federal court alleging that the Court has jurisdiction based on the diversity of citizenship of the parties. See 28 U.S.C. § 1332(a). Plaintiff subsequently amended her complaint to add Inland Western Seattle Northgate North, LLC, as a defendant.[3] The defendants have filed separate motions for summary judgment. Only Ross' motion is considered here.

---

[1] It is not clear whether plaintiff was holding onto the handrail when she fell. Plaintiff's deposition testimony is not consistent on this point. She initially stated that she did not remember whether she was holding the railing when she started down the steps (Dep. Tr. at 43) but then stated that she was (Dep. Tr. at 62).

[2] Defendant's motion to strike plaintiff's affidavit (Dkt. # 39-1) is DENIED. Although plaintiff's assertion that she could "feel water on the steps where I fell" is new, she stated at her deposition that "I told them, I said, you guys got – your floor is wet; that's what I told him. I yelled out your floor's wet." Dep. Tr. at 44. Taken in the light most favorable to plaintiff, the statements are not inconsistent.

[3] In examining whether complete diversity of citizenship continues to exist after plaintiff amended her complaint, the citizenship of a limited liability company is determined by examining the citizenship of the owners/members. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) (holding that "like a partnership, an LLC is a citizen of every state of which its owners/members are citizens"). Although the citizenship of Inland Western Seattle Northgate North, LLC's members was not stated in the amended complaint or the answer, defendant subsequently represented that its sole member is a Maryland corporation. Dkt. # 20. The Court finds, therefore, that diversity jurisdiction remains post-amendment.

ORDER GRANTING DEFENDANT ROSS DRESS
FOR LESS, INC.'S MOTION FOR SUMMARY
JUDGMENT                                    -3-

## DISCUSSION

Under Washington law, a landowner is subject to liability for injuries suffered by its business invitees only upon a showing of negligence. <u>Wiltse v. Albertson's, Inc.</u>, 116 Wn.2d 452, 457 (1991). Washington courts have adopted Restatement (Second) of Torts § 343:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>
> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
>
> (c) fails to exercise reasonable care to protect against the danger.

Plaintiff has not raised a genuine issue of fact regarding the first element. Her claim of negligence is based on the assertion that Ross failed to keep its premises in a reasonably safe condition. In order to succeed, she must be able to show that Ross either knew of the condition or that it "existed for such time as would have afforded [Ross] sufficient opportunity, in the exercise of ordinary care, to have made a proper inspection of the premises and to have removed the danger." <u>Smith v. Manning's, Inc.</u>, 13 Wn.2d 573, 580 (1942).

There is no evidence that Ross had actual notice that the steps were wet.[4] The area was found to be clean and dry approximately an hour before the accident, and there is no indication that any Ross employee was aware that conditions had changed. Nor has plaintiff presented evidence from which a reasonable factfinder could determine that Ross should have discovered the dangerous condition. Based on the evidence in the record, it is impossible to say when the power washing began or when the steps became wet. It is entirely possible that the dangerous condition existed for only a few minutes before plaintiff entered the store. In the

---

[4] For purposes of this analysis, the Court assumes that wet steps pose an unreasonable risk of harm to business invitees.

ORDER GRANTING DEFENDANT ROSS DRESS
FOR LESS, INC.'S MOTION FOR SUMMARY
JUDGMENT                                    -4-

absence of any evidence regarding the length of time the condition was present, the jury will not be given the opportunity to draw inferences that are based on nothing but speculation. Coleman v. Ernst Home Ctr., 70 Wn. App. 213, 220 (1993).[5]

For all of the foregoing reasons, defendant Ross' motion for summary judgment is GRANTED.

Dated this 18th day of February, 2014.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[5] In Iwai v. State, 129 Wn.2d 84, 100-01 (1996), the Washington Supreme Court issued a plurality opinion that seems to waive the requirement of actual or constructive notice if the unsafe condition were reasonably foreseeable. See also Mucsi v. Graoch Assoc. Ltd. Partnership # 12, 144 Wn.2d 847, 860 (2001). Although this alternative method of showing a breach of duty has not been universally adopted outside the "self-service" context (see Kamla v. Space Needle Corp., 147 Wn.2d 114, 125-26 (2002); Charlton v. Toys R Us - Del., Inc., 158 Wn. App. 906, 916-18 (2010)), the Court has considered whether Ross could be liable under a foreseeability analysis. It cannot. On the day of the accident, it was not raining outside and there is no evidence that Ross controlled or was aware of the power washing activities going on in the shopping center. Absent some indication that Ross should have anticipated that customers would track water across the floor and down the stairs, plaintiff cannot establish the reasonable foreseeability of the hazard of which she complains.

ORDER GRANTING DEFENDANT ROSS DRESS
FOR LESS, INC.'S MOTION FOR SUMMARY
JUDGMENT                                     -5-